THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MECHELE A. KITCHEN<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIRST STUDENT INC, ET AL.,<br><br>　　　　Defendants. | CASE NO. 3:20-cv-05658-RAJ<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The Court may raise the issue of subject matter jurisdiction *sua sponte*, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995).

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of

removal must be resolved in favor of remand.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566.  The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Defendant First Student, Inc. removed this case from Pierce County Superior Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. # 2.  If a party seeks to remove an action to this Court on the basis of diversity in a case where it is not clear from the Complaint that more than $75,000 is in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Thus, it is Defendant's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  *Guglielmino*, 506 F.3d at 701; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Conclusory allegations as to the amount in controversy are insufficient. 319 F.3d at 1090.

In its Notice of Removal, Defendant indicated that Plaintiff is a resident of Washington and that Defendant is a business incorporated in Delaware with its principal place of business in Ohio, establishing diversity of citizenship.  Dkt. # 2 at 2.  With respect to the amount in controversy, Defendant noted that while Plaintiff does not set forth the dollar amount prayed for, Defendant "has a good faith belief that [] Plaintiff is seeking damages in excess of the jurisdictional amount because the nature of the motor vehicle collision and the scope of the alleged injuries, physical disability and pain, emotional trauma, loss of earnings, wage loss and other damages alleged in Plaintiff's Complaint tend to exceed the $75,000 jurisdictional amount." *Id.*

Plaintiff's Complaint, however, fails to specify any dollar amounts sought in damages and fails to present facts for the Court to consider in determining whether the amount in controversy is likely to be satisfied.  Dkt. # 1.  Plaintiff merely alleges that she

"sustained personal injuries as a result of [a] collision" with Defendant's vehicle on the rear passenger side of Plaintiff's vehicle. *Id.* at 2.  She does not specify the type or severity of her injury, the medical treatment required, nor does she present any facts surrounding her alleged physical disability, pain, or emotional trauma. *Id.* at 3.  She also mentions "loss of earnings" and "wage loss" but fails to provide any information about her employment by which to estimate even a range of lost income. *Id.*

In the absence of facts surrounding the injury sustained and associated costs, Defendant fails to establish this Court's jurisdiction in this matter. Accordingly, the Court orders Defendant to show cause why this case should not be remanded to state court. Defendant shall file a written response to this order, not exceeding five (5) pages, on or before July 28, 2020.

DATED this 22nd day of July, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge