THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MECHELE A. KITCHEN,<br><br>            Plaintiff,<br><br>    v.<br><br>FIRST STUDENT INC.,<br><br>            Defendant. | CASE NO. 3:20-cv-05658-RAJ<br><br>ORDER |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 17. Defendant opposes this motion. Dkt. # 19. For the reasons below, the Court DENIES the motion.

## II.    BACKGROUND

Plaintiff Mechele A. Kitchen ("Plaintiff") filed a complaint for damages related to a vehicular collision against Defendant First Student Inc. ("Defendant"), a foreign profit corporation, in Pierce County Superior Court. Dkt. # 1-2. On July 6, 2020, Defendant timely filed a notice of removal pursuant to 28 U.S.C. § 1441(b) based on diversity

ORDER- 1

jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. # 1.  On July 22, 2020, the Court ordered Defendant to show cause why, in the absence of facts surrounding the injury sustained and related costs supporting the jurisdictional threshold, the case should not be remanded to state court.  Dkt. 11.  Defendant responded to the Order.  Dkt. # 13.  Having considered Defendant's response, the Court concluded that it has jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. # 16.

On August 20, 2020, Plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  Dkt. # 17.  Plaintiff agreed that there is complete diversity of citizenship between the parties but asserted that Defendant failed to meet its burden in showing that the amount in controversy exceeds $75,000.  *Id.* at 1.  On September 4, 2020, Defendant responded to the motion, arguing that it had met its burden to establish the required amount in controversy by a preponderance of evidence and that the Court had so found.  Dkt. # 19 at 2.

### III.   LEGAL STANDARD

The district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441(a).  As the Court noted in its Order to Show Cause, there is a strong presumption against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566.  The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Pursuant to the Court's local rules, if the complaint filed in state court does not set forth the dollar the dollar amount prayed for, the complaint may nonetheless be removed "if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than [$75,000]." Local Rules W.D. Wash. LCR 101(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Under this burden, the defendant must show that it is 'more likely than not' that the amount in controversy exceeds the jurisdictional threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Applying this standard, plaintiff must show whether "it is more likely than not Plaintiff *can recover* $75,000 if successful on all of her claims." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1039 (N.D. Cal. 2014) (emphasis in original).

## IV.   DISCUSSION

Despite the Court's conclusion that it has jurisdiction over this matter, Dkt. # 16, Plaintiff nonetheless asserts that Defendant has not, in fact, met its burden to show that, more likely than not, the amount in controversy here exceeds $75,000, Dkt. # 17. Plaintiff claims Defendant has established the amount is no more than $22,353.85, based on Plaintiff's emergency room visit, the cost of vehicle repair, and statutory attorney's fees. Dkt. # 17 at 5-6. This calculation, however, is improperly limited to the portion of medical costs that Plaintiff has chosen to disclose and ignores the scope of Plaintiff's alleged harm and her requests for relief. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("[The amount in controversy] includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

In her Complaint, Plaintiff alleges that she "suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity and other damages," as a result of the collision with Defendant. Dkt. # 1-1 ¶ 3.10. In her prayer for relief, Plaintiff lists a broad range of general and specific damages "including past and future medical expenses and other health expenses; pain and suffering, both mental and physical, loss of enjoyment of life, past and future special damages . . . physical damage to the vehicle involved in the collision, the cost to repair said damage, loss of use, rental expenses, storage costs, and other out-of-pocket expenses . . . [as well as] [f]or such other and further relief as the Court deems just and equitable." *Id.* ¶ 5.1-5.3. Plaintiff does not merely seek economic loss for her emergency room bills and for the physical damage to her car; she claims she suffered physical disability significant enough to cause her to lose earnings and to diminish her future earning capacity. As Defendant indicated in its response to the Court's Order to Show Cause, Plaintiff's claim of diminished earning capacity would likely extend for fifteen or more years, given Plaintiff's age of 49 and work life expectancy. Dkt. # 14 ¶ 4. A reasonable person reading Plaintiff's Complaint would conclude that the amount in controversy—based on her allegations of physical and emotional harm, physical disability that impairs her ability to work in the future, limits her earning capacity, and results in a loss of enjoyment of life, as well as all past and future medical costs—exceeds $75,000.

Moreover, Plaintiff's reliance on *Matheson* is misplaced. The complaint in *Matheson* centered on an insured's claim for loss of a truck, valued at $15,516, for a period of less than two months. *Id.* at 1091. The plaintiffs requested compensation for economic loss "in excess" of $10,000, emotional distress "in excess" of $10,000, and punitive damages "in excess" of $10,000. *Id.* The Ninth Circuit found that there was "a serious question whether more than $75,000 was in controversy" after considering the facts of the complaint. *Id.* Specifically, the Court questioned "how deprivation of an asset worth less than $16,000 for a period of two months could be worth as much as

$10,000." *Id.* The Court next questioned how emotional distress damages associated with such a deprivation could be significantly more than $10,000, and ultimately found that the circumstances did not support punitive damages significantly in excess of the $10,000 floor requested. *Id.* Given the facts alleged, the Court concluded that the record was "devoid of any evidence that [defendant] made the required showing of the amount in controversy." *Id.*

In *Gaus v. Miles Inc.*—also cited by Plaintiff in support of her motion to remand—the Ninth Circuit ordered the district court to remand after finding that the defendant failed to present any facts whatsoever to support federal jurisdiction. 980 F.2d 564, 567 (9th Cir. 1992). Concerned that the district court lacked subject matter jurisdiction, the Court initially ordered the parties to file supplemental memoranda to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. *Id.* at 565. The plaintiff responded that state law prohibited a demand for a specific amount above $10,000. *Id.* He nonetheless alleged the actual damages sought were "in the millions of dollars," but failed to point to any pleading supporting this allegation. *Id.* The defendant made a similarly unsubstantiated assertion that "the matter in current controversy . . . exceeds the sum of $50,000," without setting forth any specific factual allegations to support it. *Id.* at 567. Based on defendant's failure to identify underlying facts in support of its assertion that the amount in controversy requirement was satisfied, the Court vacated the judgment and remanded the case. *Id.*

The case at hand is factually distinguishable from *Matheson* and *Gaus*. The relief sought in *Matheson* for the temporary loss of a truck valued at less than $16,000 did not support an amount in controversy above $75,000. The allegations of damages "in the millions of dollars" in *Gaus* were unsupported by any factual allegations and were therefore insufficient to establish an amount in controversy. Here, Plaintiff's alleged injury and concomitant request for various forms of relief would lead a reasonable person to conclude that Plaintiff is seeking more than $75,000 and are sufficient to establish the

Court's jurisdiction. Dkt. # 1-2 at 3. The Court therefore denies Plaintiff's motion to remand.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. Dkt. # 17. The Court will not award Plaintiff's attorney's fees, as Defendant's basis for removing was not objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

DATED this 6th day of November, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 6